IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DARLENE ESPOSITO,**

        Plaintiff,

v.                                                                                                CIVIL ACTION NO. 3:23-cv-71
                                                                                               (GROH)

**INTERNAL REVENUE SERVICE,**

        Defendant.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is pro se Plaintiff Darlene Esposito's Motion [ECF No. 2] for Leave to Proceed in Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff's Complaint fails to state a claim upon which relief may be granted at this time, the undersigned recommends that Plaintiff's Complaint be DISMISSED, without prejudice, and Plaintiff's Motion to Proceed in Forma Pauperis be DENIED as moot.

### II.    THE COMPLAINT

Plaintiff Darlene Esposito filed the instant Complaint against Defendant Internal Revenue Service ("IRS") on March 14, 2023, asserting a Freedom of Information Act ("FOIA") claim under 5 U.S.C. § 552 and a Privacy Act claim under 5 U.S.C. § 552a.

---

[1] Judge Gina M. Groh referred this Motion to the undersigned on March 15, 2023. ECF No. 3.

ECF No. 1. Plaintiff also included two attachments to her Complaint: a USPS certificate of mailing for her FOIA/Privacy Act request, and what appears to be a single page from her October 2021 credit report. See ECF No. 1-1 at 2-3. Based on the attached credit report, it appears that the IRS conducted two inquiries into Plaintiff's credit score/history on June 9, 2021. Id. at 3. One of these IRS inquiries came from a Jacksonville, Florida address and the other originated from 250 Murall Drive, Kearneysville, West Virginia 25430. Id. In November of 2022, Plaintiff mailed a FOIA or Privacy Act request related to the June 2021 credit inquiry to the IRS Kearneysville address, although Plaintiff utilized an incorrect zip code.[2] ECF Nos. 1 at 1-2, 1-1 at 2-3.

Plaintiff alleges that the IRS has not responded to her request for records under FOIA or the Privacy Act and that it has been more than twenty days since she sent the request without an agency response. ECF No. 1 at 1-2. Plaintiff believes the IRS has improperly "removed" the requested information or has otherwise improperly withheld responsive documents. Id. Plaintiff appears to allege that she has exhausted her administrative remedies and now seeks an injunction from this Court to compel the IRS to produce records responsive to her FOIA or Privacy Act request.[3] Id. Again, as to the substance of the request, all the undersigned can glean from the Complaint and

---

[2] The zip code in the credit report is 25430, which is the correct zip code for Kearneysville, West Virginia. ECF No. 1-1 at 3. The zip code listed throughout the Complaint and on the attached USPS certificate of mailing is 35403. ECF Nos. 1 at 1-2, 1-1 at 2. Also, Plaintiff states in the Complaint that the FOIA request was mailed on November 22, 2022. ECF No. 1 at 1. However, the date on the USPS certificate of mailing reads November 26, 2022. ECF No. 1-1 at 2. The certificate of mailing provides a record of the date the Plaintiff tendered the mail to the USPS to be sent out. It does not provide a record of delivery or receipt by the IRS.

[3] Plaintiff filed an identical lawsuit against the IRS in the Middle District of Florida, alleging that she had not received a timely response to her FOIA/Privacy Act request from the IRS Jacksonville address. See Esposito v. I.R.S., No. 3:23-cv-272-MMH-LLL (M.D. Fla. March 10, 2023).

2

attachments is that it is related to the June 2021 IRS credit inquiry listed in Plaintiff's attached credit report.

### III.     LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. Furthermore, if a "court determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court").

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court. Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

As stated above, 28 U.S.C. § 1915(e)(2)(B)(ii) permits the court to dismiss a complaint that "fails to state a claim on which relief may be granted." To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Id.

4

at 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)).

## IV.   DISCUSSION

After careful review, the undersigned concludes that Plaintiff's Complaint asserts both a FOIA claim under 5 U.S.C. § 552 and a Privacy Act claim under 5 U.S.C. § 552a. It is unclear from the pleading whether Plaintiff submitted two requests to the IRS, one under FOIA and one under the Privacy Act, or if she submitted one joint request under both statutes. Regardless, it is apparent that Plaintiff seeks injunctive relief from this Court ordering the IRS to produce any improperly withheld records responsive to her request(s). The undersigned will first turn to the Plaintiff's FOIA claim.

### A.   Freedom of Information Act

Plaintiff alleges this federal district court has jurisdiction under FOIA to order the production of improperly withheld IRS records. ECF No. 1 at 1. Section 552(a)(4)(B) of FOIA states that the U.S. district court "in the district in which the complainant resides, … or in which the agency records are situated … has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). In this case, Plaintiff (the complainant) resides in New Jersey and has decided to file suit in the Northern District of West Virginia. Thus, for purposes of this screening, the undersigned will construe the Northern District of West Virginia as "the district in which the agency records are

situated," considering Plaintiff directed her FOIA request to an IRS location in Kearneysville, West Virginia.

      FOIA requires a government agency to "provide information to the public on request if the request 'reasonably describes' the record sought and is made in accordance with published agency rules for making requests." Ethyl Corp. v. United States EPA, 25 F.3d 1241, 1245 (4th Cir.1994) (quoting 5 U.S.C. § 552(a)(3)). The IRS's regulations governing FOIA requests are published at 26 C.F.R. § 601.702. The agency must provide an appropriate response within twenty days of *receipt* of a FOIA request. 5 U.S.C. § 552(a)(6). If the IRS fails to comply with this time limit and the FOIA request has satisfied the requirements of 26 C.F.R. § 601.702(c)(4)(i), the requester may initiate suit in federal district court and seek injunctive relief against the agency. 26 C.F.R. § 601.702(c)(12). An initial request for records under FOIA must, among other requirements, "[b]e made in writing and signed by the individual making the request," "[s]tate that it is made pursuant to [FOIA]," "reasonably describe the records," and "[b]e addressed to and mailed to the office of the IRS official who is responsible for the control of the records requested (see paragraph (h) of this section for the responsible officials and their addresses), regardless of where such records are maintained." 26 C.F.R. § 601.72(c)(4)(i).

    In the case of Hawthorne v. Gibson, a pro se plaintiff, who sought leave to proceed *in forma pauperis*, brought a FOIA claim seeking injunctive relief after the Department of Veterans Affairs failed to respond to his FOIA request. Hawthorne v. Gibson, No. 3:14-CV-81, 2014 WL 4102375, at *1-3 (N.D.W. Va. Aug. 18, 2014). The plaintiff attached his FOIA request to the complaint. Id. Judge Gina M. Groh dismissed

the FOIA claim after a preliminary review, finding that the complaint did not assert sufficient factual allegations to state a claim for a relief. Id. A crucial deficiency in the complaint, the court held, was the plaintiff's failure "to allege that the Office of Resolution Management *received* his FOIA request and failed to provide a response within twenty days of *receipt* of the request." Id. (emphasis added).

This case should be dismissed for the same reason. Just like the plaintiff in Hawthorne, Plaintiff Esposito alleges that the IRS has not responded to her FOIA request. While Plaintiff Esposito specifies when and where she mailed her FOIA request, she does not allege if or when the IRS received it.[4] Rather, liberally construing the Complaint, she just alleges that it has been more than twenty days since she *sent* the request without an agency response.[5] But it is clear from the Hawthorne decision in conjunction with the language of § 552(a)(6), that this is not enough to state a claim for relief under FOIA. Because Plaintiff is asserting there was no response from the IRS, Defendant's failure to allege if/when the IRS received her request frustrates this Court's ability to determine if the agency's obligations under FOIA were ever triggered and if the Plaintiff's claim is ripe. See White v. Dep't of Homeland Sec., 2022 WL 4448912, at *4 (W.D. Va. Sept. 23, 2022) (holding that an agency's FOIA obligations are only triggered when it receives a request made in accordance with its published rules); Dale v. I.R.S., 238 F.Supp.2d 99, 103 (D.D.C. 2002) ("The IRS's obligation under FOIA begins only upon receipt of a valid request"—that is, one that complies with all of the 26 C.F.R. §

---

[4] As previously noted on page 2, supra footnote 2, Plaintiff used an incorrect zip code when she mailed her FOIA or Privacy Act request in June of 2021.

[5] See ECF No. 1 at 1-2. In the Complaint, Plaintiff states, "defendant did not response to the request dated November 22, 2022," and "I believe that I should have heard a response by December 12, 2022[;] the response date has lapsed." Id. Thus, Plaintiff calculated the beginning of the twenty-day period from the time she sent the complaint.

7

601.702 requirements). This Complaint, however, does not allege facts that plausibly suggest the FOIA request was sent to the appropriate IRS office or otherwise met the requirements of § 601.702(c)(4)(i), (h). See Widtfeldt v. United States, 2013 WL 2149100, at *3 (D. Neb. May 16, 2013) (dismissing complaint that failed to allege that the plaintiff's FOIA request submitted to the IRS complied with 26 C.F.R. § 601.702(c)(4)(i)); Francis v. Internal Revenue Serv., 2020 WL 3129030, at *7-8 (D.D.C. June 12, 2020) (concluding that the IRS's duties under FOIA were never triggered because the plaintiffs failed to allege in their complaint that they submitted properly framed requests consistent with the 26 C.F.R. § 601.702 requirements, including that they sent their requests to the correct IRS office). For these reasons, Plaintiff's FOIA claim should be dismissed without prejudice at this time for failure to state a claim upon which relief may be granted.

### B. Privacy Act

The IRS has thirty days to respond to a Privacy Act request after it is received. 31 C.F.R. § 1.26(g)(1); 31 C.F.R. § 1.26, Pt. 1, Subpt. C, App. B(3)(e). Plaintiff alleges that the IRS never responded to her Privacy Act request and that the time period to respond has since lapsed. ECF No. 1 at 1-2. However, the Privacy Act contains no equivalent to the "constructive exhaustion" provision of the Freedom of Information Act under which an agency's failure to timely respond to a proper request for information relieves the requestor of the requirement to exhaust administrative remedies. Pollack v. Dep't of Just., 49 F.3d 115, 117 n.1, 118 (4th Cir. 1995) (stating that an individual's Privacy Act claim "was not properly before the district court" because the individual "did not first exhaust administrative remedies provided under the Privacy Act" even though

the agency failed to provide a timely response before the plaintiff filed suit). While Plaintiff's allegations related to exhaustion may suffice for her FOIA claim at this stage (if she had properly submitted the request, the IRS received it, and the time period to respond expired), those same allegations do not pass muster for Plaintiff's Privacy Act claim.

Under the Privacy Act, an individual may bring a civil action in federal district court when the agency "refuses to comply with an individual request" for access to an individual's own records. 5 U.S.C. § 552a(g)(1)(B). In such a suit, "the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld." 5 U.S.C. § 552a(g)(3)(A). To make a valid request to the IRS under the Privacy Act for access to records about an individual, that individual must submit a request "in writing and signed," state "that it is made pursuant to the Privacy Act," identify "the system or subsystem or categories of records to which access is sought," "[d]escribe the nature of the record(s) sought in sufficient detail," provide "identification of the requester," "[b]e addressed or delivered in person to the office or officer of the component," and identify "whether the requester wishes to inspect the records or desires to have a copy made." 31 C.F.R. § 1.26(d)(1)-(2); see also 31 C.F.R. § 1.26, Pt. 1, Subpt. C, App. B(3) (listing additional IRS-specific requirements for Privacy Act requests).

The Court should dismiss Plaintiff's Privacy Act claim for the same reasons as her FOIA claim. Namely, she never alleges that she complied with the published IRS requirements for submitting a Privacy Act request, and she also failed to allege that the IRS received the request, thus triggering their statutory obligations. See Powell v.

9

Internal Revenue Serv., 317 F. Supp. 3d 266, 275 (D.D.C. 2018) (noting that the plaintiff's allegation that he mailed a FOIA and Privacy Act request with supporting documents and the IRS never responded was "not enough to avoid dismissal").

The facts alleged in the Complaint certainly do not indicate whether she signed her request, mentioned the Privacy Act, specified the name and location of the particular system of records, described the nature of the records sought in sufficient detail, or sent the request to the correct IRS address. And considering Plaintiff did not attach a copy of the request to her Complaint, the undersigned is unable to otherwise verify whether the request complied with the regulations. As a result, she has not alleged facts essential to her Privacy Act claim and dismissal of the Complaint is warranted. See Powell v. Internal Revenue Serv., 255 F. Supp. 3d 33, 41-42 (D.D.C. 2017) (dismissing the plaintiff's Privacy Act claim for failing to comply with IRS regulations); Taylor v. Treasury Dep't, 127 F.3d 470, 474 (5th Cir. 1997) (affirming dismissal on ground that the plaintiff failed to present a request that comported with applicable Privacy Act IRS regulations); Francis, 2020 WL 3129030, at *7-8 (concluding that the IRS's duties under the Privacy Act were never triggered because the plaintiffs failed to allege in their complaint that they submitted properly framed requests that met the requirements of 31 C.F.R. § 1.26).

The Court, consequently, should dismiss Plaintiff's Complaint, but without prejudice, so that she may return to federal court after she either perfects the deficiencies in her Complaint or properly submits a FOIA/Privacy Act request to the IRS consistent with its regulations and fully pursues her administrative remedies thereafter.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted at this time. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed in Forma Pauperis be **DENIED AS MOOT.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

**DATED:** March 30, 2023

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE